Bzeih v. Holder

BIA
A079 134 962

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand twelve.

PRESENT:
>ROBERT A. KATZMANN,
>BARRINGTON D. PARKER,
>REENA RAGGI,
>>*Circuit Judges.*

_____

MOHAMAD AHMAD BZEIH,
>*Petitioner*,

>v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>*Respondent*.

10-3683-ag
NAC

_____

| | |
|---|---|
| FOR PETITIONER: | Alexandra V. Tseitlin, Law Office of Alexandra V. Tseitlin, P.C., New York, N.Y. |
| FOR RESPONDENT: | Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Lindsay E. Williams, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohamad Ahmad Bzeih, a native and citizen of Lebanon, seeks review of an August 16, 2010, decision of the BIA denying his motion to reopen his removal proceedings. *In re Bzeih*, No. A079 134 962 (B.I.A. Aug. 16, 2010). He has also filed a "motion to take judicial notice," requesting the Court to take judicial notice of events in Lebanon. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, the BIA correctly found that the motion was untimely, as it was filed in February 2010, more than 90 days after the BIA dismissed his appeal in January 2008. *See* 8 C.F.R. § 1003.2(c)(2).

Although Bzeih argues that the 90-day period should be equitably tolled because he acted diligently in pursuing his ineffective assistance of counsel claim, he did not exhaust this issue before the BIA. The Court has generally required

2

that petitioners raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). The issue exhaustion requirement is not jurisdictional, but is an "affirmative defense subject to waiver." *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20, 124 (2d Cir. 2007). In this case, the Government has raised Bzeih's failure to exhaust the issue and we decline to review for the first time Bzeih's contention that he acted with due diligence. *See id.* at 123 ("Judicially-imposed doctrines of issue exhaustion . . . will usually mean that issues not raised to the BIA will not be examined by the reviewing court").

In any event, Bzeih has failed to demonstrate that he exercised due diligence. *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (finding that a movant seeking equitable tolling must demonstrate that he acted diligently both "before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed."). Assuming that Bzeih did not learn of his first counsel's ineffective assistance until his petition for review was denied by this Court in October 2008, Bzeih has not demonstrated that he acted

diligently from October 2008 through February 2010, when he moved to reopen.

His contention that, during this period, he was fulfilling the requirements of *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988), is without merit. In order to comply with the *Lozada* requirements, Bzeih was required to submit: "(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so." *Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005).

Bzeih did not complete the affidavit until December 2008, two months after the petition for review was denied, and he does not explain why he then waited 13 months to move to reopen. Notably, Bzeih does not indicate when he notified counsel of the ineffective assistance allegation,

4

or when he filed a disciplinary complaint. Moreover, although he asserts that counsel responded to the disciplinary complaint in June 2009, he does not explain the seven-month delay between this response and the filing of the motion. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (observing that filing a disciplinary complaint is "the last step necessary to comply with the requirements set out in" *Lozada*, and finding that the BIA reasonably found that petitioner had not acted diligently where the motion was to reopen was filed five months after he complied with the *Lozada* requirements).

Finally, Bzeih's pending motion is DENIED, as the events he asks the Court to take judicial notice of are irrelevant to the issue before the Court, and we will not remand for the BIA to consider new evidence. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269-70 (2d Cir. 2007)

For the foregoing reasons, the petition for review is DENIED. It is further ORDERED that Petitioner's "motion to take judicial notice" is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5